PEOPLE v. FEDERAL BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

BANKS—RECEIVER—RETURN OF CHECKS—IMPOSSIBLE REQUIREMENT.

   Where petitioner, having three checks in possession against a bank, sent
   them to the bank for collection, and the checks were received by the
   bank, who deliverd to the petitioner its check on another bank to pay
   these checks, and the bank on which the check was drawn refused to
   honor it, and on the insolvency of the first bank the petitioner asked
   for a return of the three checks which it had presented for payment and
   in payment of which it had received the check drawn by the insolvent
   bank, the receiver of such insolvent bank will not be ordered to deliver
   such checks to the petitioner when they are not in his possession, but have
   been returned as paid to the depositors, who drew them.

Appeal from Special Term, New York County.

Proceeding by the people against the Federal Bank of New York.
The petition of the Broadway Trust Company for an order requiring
Leo Schlesinger, receiver of the defendant, to deliver certain checks
to petitioner was denied, and the petitioner appeals from the order
denying the petition. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
:SON, INGRAHAM, and LAUGHLIN, JJ.

S. S. Myers, for appellant.
C. E. Thorn, for respondent.

INGRAHAM, J.  The Federal Bank, a state banking corpora-
tion, became insolvent, and on June 1, 1904, a receiver was ap-
pointed by the Supreme Court.  The petitioner, a trust company
·organized under the laws of this state and doing business in the
·city of New York, was, on April 14th, in possession of three checks
drawn on said Federal Bank by depositors thereof, and sent these
·checks to the Federal Bank for collection.  These checks were re-
ceived by the Federal Bank, who delivered to the petitioner its
·check on the Importers' & Traders' Bank to pay these three checks.
The Importers' & Traders' Bank refused to honor such check,
whereupon the petitioner demanded of the receiver of the Federal
Bank a return of the three checks which it had presented for pay-
ment and in payment of which it had received this check drawn on
the Importers' & Traders' Bank.  The receiver having refused to
·deliver these three checks to the petitioner, on February 17, 1905,
the petitioner served a notice of motion to require the receiver to
return the three checks referred to in the petition.  The receiver
filed an answer to that petition, stating that the checks referred to
in the petition were not, and for a long time had not been, in his
possession, but had been returned by him to the several depositors
upon balancing of their passbooks.

It does not appear from the petition that the three checks were in
the possession of the receiver at the time the demand on him was
made, but it does appear without dispute that when the motion was
made the checks were not in the possession of the receiver, but had
been returned by him to the depositors of the bank.  Under these
·circumstances it is quite clear that the court below should not
have required the receiver to deliver checks which were not in his
possession, and which it was impossible for him to deliver, and for
this reason the court below properly denied the motion.

The order appealed from is therefore affirmed, with $10 costs and
disbursements, but without prejudice to such proceedings as the
petitioner may be advised, to obtain any relief to which it may be
·entitled.  All concur.